IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**August 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**STEVEN THOMAS,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-425**   (Fam. Ct. Kanawha Cnty. Case No. FC-20-2002-D-2143)

**JUDITH THOMAS,**
**Respondent Below, Respondent**

**and**

**JOHN L. BURKARD, as Executor of the Estate of John Lawrence Burkard,**
**Intervenor Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Steven Thomas ("Husband") appeals the Family Court of Kanawha County's October 23, 2025, order, which determined that the court lacked jurisdiction to enforce its prior judgment order through a suggestion on judgment filed pursuant to Article 5, Chapter 38 of the West Virginia Code. Respondent Judith Thomas ("Wife") and Respondent John L. Burkard ("Executor Burkard"), as Executor of the Estate of John Lawrence Burkard ("Estate"), filed separate responses.[1] Husband filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

This appeal turns on a single question of law: whether the family court has the jurisdiction to enforce family court judgments under Chapter 38 of the West Virginia Code. The parties do not dispute the facts leading to this appeal.

By way of background, Husband and Wife divorced in January 2006. Under the terms of their May 2008 amended final divorce order, Wife was ordered to pay Husband $40,542 as a marital equalization payment. To date, Wife has never satisfied that obligation, and over the years Husband has made several attempts to enforce the divorce

---

[1] Husband and Wife are self-represented. Executor Burkard is represented by Roy H. Cunningham, Esq., and Jessica E. Ray, Esq.

1

order and collect payment. As a result, the family court entered multiple orders holding Wife in contempt and, in 2014, entered a judgment against her for the balance of the equalization payment, plus interest. This Court previously discussed those salient facts in *Thomas v. Thomas*, No. 23-ICA-547, 2024 WL 4047713 (W. Va. Ct. App. Sept. 4, 2024) (memorandum decision) (affirming family court's finding of contempt against Wife for failing to comply with the court's marital equalization and purge orders). Husband's most recent effort to collect on that family court judgment is at the center of this appeal. According to the record, the value of the outstanding judgment exceeds $100,000.

The additional facts relevant to this appeal are as follows. Wife's father died testate in December 2022, and she was named a residuary beneficiary under his will. It is undisputed that Wife's anticipated cash distribution from the Estate is sufficient to satisfy the family court judgment. In March 2023, Husband issued a writ of execution against Wife, and the sheriff returned it with a notation that no personal property could be located to satisfy the judgment. In July 2025, Husband, as judgment creditor, filed a suggestion on judgment in family court and served it on the Estate, seeking to collect Wife's estate distribution to satisfy the outstanding judgment. *See* W. Va. Code § 38-5-10 (2012); *see also* W. Va. R. Civ. P. 69. In response, Executor Burkard filed a notice of limited appearance and an answer to the suggestion. The answer confirmed that the Estate is holding Wife's cash distribution and noted his expectation that Wife would assert statutory exemptions to the suggestion. Executor Burkard also asked the family court to provide direction to the Estate regarding its handling of any exemptions asserted, the distribution of funds subject to the suggestion and payable to Husband, and the payment of any remaining balance to Wife.

The family court addressed Executor Burkard's previously filed notice of appearance and answer in an order dated October 23, 2025. The court began by recognizing that it is a court of limited jurisdiction and that its powers and authority are confined to those expressly set forth in West Virginia Code § 51-2A-2 (2018) and West Virginia Code §§ 48-1-101 to 48-31-503. The court then determined that these statutory provisions do not grant it jurisdiction over any of the legal matters raised in Executor Burkard's answer, including the authority to enforce its judgments through a suggestion on judgment. The court also found that it lacked authority to permit Executor Burkard's limited appearance, given that the final divorce order had been entered nearly twenty years earlier. Accordingly, the court ordered that Executor Burkard's answer and notice be stricken from the record. Husband now appeals that decision to this Court.[2]

---

[2] The Court notes that Executor Burkard previously filed a motion to strike portions of Wife's brief, asserting that those portions constitute personal attacks against him and are irrelevant to the issues on appeal. That motion will be addressed by separate order of the Court. For purposes of this appeal, the Court considered only the portions of Wife's brief that directly responded to Husband's arguments.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband raises two arguments, both asserting that, despite the family court's limited jurisdiction, it erred by failing to recognize that its authority to enforce prior orders includes the authority to require the Estate to satisfy Wife's family court judgment from her distribution proceeds. The Court consolidates his arguments for the purposes of this appeal.

To support his position, Husband relies on West Virginia Code § 51-2A-2(a)(15) (2018), which states that a family court has jurisdiction over "all proceedings for property distribution brought under [West Virginia Code §§ 48-7-101 to -7-501]." (citation modified). Relying on that language, he then asserts that select language from West Virginia Code § 48-7-105 (2001) advances his argument. Namely, he contends that the Legislature's use of the phrase "[i]n order to achieve the equitable distribution of marital property, the court shall, unless the parties otherwise agree, order, when necessary, the transfer of legal title to any property of the parties," authorizes the family court in this case to enforce Chapter 38 and order the Estate to comply with the suggestion on judgment and satisfy Wife's outstanding judgment. We are not persuaded by his position.

To begin, it is well established that family courts are courts of limited statutory jurisdiction. "The jurisdiction of family courts is limited to only those matters specifically authorized by the Legislature." Syl. Pt. 5, in part, *Lindsie D.L. v. Richard W.S.*, 214 W. Va. 750, 591 S.E.2d 308 (2003). The Legislature has defined the breadth of a family court's jurisdiction through its adoption of West Virginia Code § 51-2A-2, and the limit on this authority is firmly demonstrated by subsection (e) of that statute, which expressly states, in relevant part:

> A family court is a court of limited jurisdiction. A family court is a court of record only for the purpose of exercising jurisdiction in the matters for which the jurisdiction of the family court is specifically authorized in this section and in chapter 48 of this code. A family court may not exercise the powers given courts of record in § 51-5-1 of this code or exercise any other powers

provided for courts of record in this code unless specifically authorized by the Legislature.

Similarly, this Court has previously recognized that West Virginia Code § 51-2A-2 establishes both the scope and the limitations of a family court's authority. *See, e.g., Spears v. Spears*, No. 23-ICA-478, 2024 WL 4786256, at *4 (W. Va. Ct. App. Nov. 14, 2024) (memorandum decision); *Tina W. v. Spencer W.*, No. 23-ICA-501, 2024 WL 4360013, at *4 (W. Va. Ct. App. Oct. 1, 2024) (memorandum decision); *Leann H. v. Theophilus C.*, No. 22-ICA-65, 2023 WL 152885, at *3 (W. Va. Ct. App. Jan. 10, 2023) (memorandum decision).

Here, Husband contends that isolated language from Chapters 48 and 51 establishes that a family court's enforcement authority extends to suggestions on judgments filed pursuant to West Virginia Code § 38-5-10. However, Husband's brief contains no analysis addressing Chapter 38 at all, much less any explanation of how its statutory language is incorporated into or harmonized with the governing family court statutes. The omission of this analysis is significant when considering that Chapter 38 exclusively governs suggestions on judgment, which is the precise mechanism Husband relied on in this case. Instead, Husband presents the Court with his own suggestive interpretation and general assertion that family court jurisdiction exists. This is not sufficient to establish error on appeal.

Nevertheless, after a thorough review of the plain language of Chapters 38, 48, and 51, the Court concludes that none of these authorities, individually or collectively, vest jurisdiction over suggestions on judgments in the family courts of this State.[3] We temper this observation with the knowledge that "courts presume the legislature drafts and passes statutes with full knowledge of existing law." *W. Va. Health Care Cost Rev. Auth. v. Boone Mem'l Hosp.*, 196 W. Va. 326, 336, 472 S.E.2d 411, 421 (1996) (citation modified). We further note the dates on which the current versions of the relevant legislation went into effect: 2001 (West Virginia Code § 48-7-105); 2012 (West Virginia Code § 38-5-10); and 2018 (West Virginia Code § 51-2A-2). Thus, it must be presumed that the legislature acted with full knowledge of the existence of West Virginia Code §§ 48-7-105 and § 38-5-10 when it amended the provisions West Virginia Code § 51-2A-2. Accordingly, we discern that had the legislature desired to grant family courts jurisdiction over Chapter 38 matters, it would have done so, expressly.[4] We are also cognizant that a "judicial challenge is not a

---

[3] Notably, Husband also acknowledges that circuit courts have jurisdiction over Chapter 38 matters and that he could pursue relief in that forum; however, he maintains that it would be more convenient for him if the family court assumed jurisdiction over the issue. We decline to consider this assertion.

[4] Indeed, West Virginia Code §§ 48-14-201 to -308 address execution and suggestion procedures in the specific context of overdue child support payments.

license for this Court to judge the wisdom, fairness, or logic of legislative choices." *State v. Butler*, 239 W. Va. 168, 176, 799 S.E.2d 718, 726 (2017) (citation modified); *see also Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 312, 465 S.E.2d 399, 414 (1995) (citation modified) ("Courts must presume that a legislature says in a statute what it means and means in a statute what it says there."). In this case, the relevant statutes are silent on the matter. Thus, we find no error in the family court's conclusion that it lacked jurisdiction over Husband's suggestion on judgment or the filings submitted by Executor Burkhard in response.

Accordingly, we find no error and affirm the family court's October 23, 2025, order.[5]

Affirmed.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[5] Executor Burkard's response brief purports to assign error to the family court's decision to strike his notice of appearance and answer. However, because he failed to raise those issues as cross-assignments of error on appeal, the Court did not consider them. *See* W. Va. R. App. P. 10(f) (setting forth the requirements to properly raise a cross-assignment of error on appeal); *Moschonas v. Charles Town Gen. Hosp.*, 251 W. Va. 306, 318, 912 S.E.2d 299, 311 (Ct. App. 2025) (noting that an appellate court is not required to address perfunctory arguments).